Case 2:15-cv-02015-MJP   Document 17   Filed 03/03/16   Page 1 of 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD L. POPE JR,<br><br>        Plaintiff,<br><br>    v.<br><br>TROY X. KELLEY, et al.,<br><br>        Defendants. | CASE NO. C15-2015 MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT |

THIS MATTER comes before the Court on Plaintiff's Motion to Remand to State Court. (Dkt. No. 7.) Having considered the Parties' briefing and all related papers, the Court GRANTS the Motion and REMANDS this action to King County Superior Court.

Plaintiff Richard Pope filed this case in King County Superior Court, asserting several state law claims and a claim under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-62 & 1964. (Dkt. No. 1-1.) On December 28, 2015, Defendants removed the case to federal court based on federal question jurisdiction. (Dkt. No. 1.) On January 25, 2016, Plaintiff amended his complaint to remove the federal RICO claim and to assert an additional state law claim. (Dkt. No. 5.) Arguing that this Court no longer has

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT- 1

subject matter jurisdiction over the case, Plaintiff now moves the Court for an order remanding this action to state court. (Dkt. No. 7.)

Defendants oppose Plaintiff's Motion, arguing that Plaintiff's amendment does not defeat jurisdiction and requesting that the Court exercise supplemental jurisdiction over the matter, despite elimination of the federal claim. (Dkt. No. 13.) Defendants argue that removal was proper because federal question jurisdiction existed at the time of removal, and that the interests of judicial economy, convenience, fairness, and comity weigh in favor of supplemental jurisdiction. (Id.) The Court disagrees. This Court is not familiar with the facts or claims in this case, which remains in its earliest stage—the Court has yet to even issue a scheduling order in this matter. The Court finds that retaining jurisdiction would be inappropriate in light of the comity interests at stake, and finds that the interests of judicial economy, convenience, and fairness also weigh in favor of remand to state court. See, e.g., Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) (noting that "in the usual case" where all federal claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims").

Plaintiff's Motion is GRANTED. Propriety of removal aside, federal question subject matter jurisdiction no longer exists in this case, and the Court declines to exercise supplemental jurisdiction over the state law claims. Accordingly, the Court hereby REMANDS this action to King County Superior Court. The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

1  Dated this 3rd day of March, 2016.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION TO
REMAND TO STATE COURT- 3